**Ex parte Victor MAREK.**

**No. 69104.**

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

James H. Kreimeyer, Belton, for appellant.

Edward J. Walsh, Dist. Atty., Georgetown, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an original habeas corpus proceeding brought under Article 4.04, V.A.C.C.P., and applicable provisions of Chapter Eleven, V.A.C.C.P., to obtain relief from an order of a district court purportedly under Article 20.15, V.A.C.C.P.[1] "holding witness in contempt for refusal to produce documents before a grand jury," in response to certain grand jury subpoenas duces tecum served on applicant. Preliminarily the order recounts more briefly than shown in the record events leading up to a finding of contempt, *viz:*

"On the 10th day of March, 1983, it was made known to the Court that Victor Marek, a witness brought before the Grand Jury for said Court and County, had refused to produce certain documents in compliance with two Grand Jury subpoenas duces tecum; and it appearing to the Court that said documents were proper to be produced and pertained to the commission of a crime over which said Grand Jury had jurisdiction and then and there under investigation by said Grand Jury; and the said Victor Marek was ordered by the Court to produce said documents, in compliance with said Grand Jury subpoenas duces tecum, before said Grand Jury on the 15th day of March, 1983, at 9:00 a.m. On the 15th day of March, 1983, it was again made known to the Court that the said Victor Marek had refused to produce said documents in compliance with the Order of the Court

and in compliance with said Grand Jury subpoenas duces tecum."

The order then adjudges applicant in contempt; it imposes a fine of one hundred dollars and orders him committed to jail "until he is willing to produce said documents in compliance with the Order of the Court and the said Grand Jury subpoenas duces tecum, said documents being, to-wit: . . .," following which is a numbered list of rather specifically described books, papers and records for all or a part of the year 1982 of one entity named Grain Producers, Inc. and another styled Marek Bros. Grain, a/k/a Marek Bros. Gin & Grain.

At the outset of the March 15 hearing upon being queried by the court, and prior to any announcement, counsel for applicant pointed out that

"we have been provided at this time with no formal citation of contempt and, of course, I have had no opportunity to prepare any type of a show cause as to why he should not be held in contempt."

There followed a lengthy colloquy in which the district attorney contended that Article 20.15, supra, governed the proceeding; the attorney for applicant rejoined that "there have been no specific allegations of how [applicant] has been in contempt of this Court, and he ought to have those served on him or produced for him, and he ought to have an opportunity given to make what defense to those he could;" the court first expressed the view that neither written motion nor notice was required since applicant had been ordered orally by the court to produce the records for the grand jury, adding, however, "It might be;" all continued the discussion in much the same vein until applicant actually voiced his objection to "proceeding to a hearing without . . . the necessary written documents to give : . . notice of what the State is seeking to have him held in contempt for and . . . also to the lack of an opportunity to properly prepare a response . . . to show cause, if any,

---

1. "When a witness, brought in any manner before a grand jury, refuses to testify . . . the court may compel the witness to answer the question, if it appear to be a proper one, by imposing a fine not exceeding five hundred dollars, and by committing the party to jail until he is willing to testify."

of why he should be held in contempt;" the court ascertained from the district attorney and the foreman of the grand jury that both desired to proceed without written motion. Accordingly, witnesses were sworn and the hearing got under way.

Patently, then, the contempt proceeding was conducted on the theory that Article 20.15, supra, authorizes a district court to find in contempt a witness who refuses to produce any instrument of writing in compliance with a grand jury subpoena. We must reject that theory for the Legislature has rendered it untenable.

Two subpoenas, parts of which applicant is said to have disobeyed, are entitled "Grand Jury Subpoena Duces Tecum for Williamson County Witness." The only authority we have found for issuance of such a subpoena duces tecum is in Chapter Twenty four, V.A.C.C.P.[2]

Chapter Twenty four extensively treats matters of subpoena and attachment. As amended by Acts 1981, 67th Leg., p. 503, ch. 209, § 1, effective September 1, 1981, Article 24.01 states more clearly that a subpoena may summon a person to appear on a specified day before a grand jury, *id.,* (a)(2)(D). Article 24.15, headed "To secure attendance before grand jury," partially provides: "At any time before the first day of any term of a district court, the clerk, upon application of the State's attorney, shall issue a subpoena for any witness who resides in the county."[3] Article 24.02 authorizes issuance of a subpoena duces tecum directing that the witness bring and produce "any instrument or writing or other thing desired as evidence." A witness who refuses to obey such a subpoena duces tecum—that is, "he refuses without legal cause to produce evidence in his possession which he has been summoned to bring with him and produce," Article 24.06, § 3—may be fined at the discretion of the court not exceeding five hundred dollars in a felony case, Article 24.05. However, the judgment imposing such a fine "shall be conditional; and a citation shall issue to him to show cause ... why the same should not be made final," Article 24.07. Article 24.08 allows a recalcitrant witness thus served with citation a prescribed time to show cause, and upon hearing "an excuse rendered by the witness" the court may enter judgment for all or part of the fine, or may remit the fine altogether, Article 24.09. Indeed, Article 24.15, supra, also limits punishment for failure or refusal to obey a subpoena to a fine not exceeding five hundred dollars.[4] There is simply no provision in the code of criminal procedure for confinement until subpoenaed material is produced before a grand jury.[5]

By its terms Article 20.15, supra, is restricted to the grand jury witness who "refuses to testify." That one may be fined and committed to jail "until he is willing to testify." Applicant did appear and testify. Literally taken, Article 20.15 is not applicable to applicant. Given the specific procedures provided by Chapter Twenty four for penalizing one who refuses to produce before a grand jury material sought by a subpoena duces tecum, we are unwilling to extend terms of Article 20.15 to cover the

---

2. In Chapter Twenty, "Duties and Powers of the Grand Jury," Article 20.10 permits "a summons or attachment" for a witness, but says nothing about a subpoena duces tecum. Article 20.11 provides for issuance of a subpoena for a witness in another county, to be served and returned in the manner prescribed in Chapter Twenty four of the code.

3. The subpoenas duces tecum in our record were signed by the district attorney of Williamson County.

4. Similarly, a witness from another county who refuses to obey a subpoena is subject to a conditional fine not to exceed five hundred dol-

lars which may be set aside after show cause proceedings. Article 24.22, V.A.C.C.P.

5. As indicated, the judge of the court tentatively advanced the notion that since on March 10 he had ordered applicant to produce records for the grand jury a "direct contempt" of the court occurred when applicant refused to do so. But the command in subpoenas duces tecum was to bring materials to the grand jury, not to the court. See *Ex parte Wilkinson,* 641 S.W.2d 927, 933 (Tex.Cr.App.1982) (Concurring Opinion). Thus, the general power and authority of a court to punish for contemptuous conduct under Article 1911a, V.A.C.S. is not implicated here.

same default. To do so would be to legislate a sanction beyond that which the Legislature has expressly provided for such contemptuous conduct.

Accordingly, applicant is entitled to relief from the restraint and detention imposed by the March 16, 1983 order holding him in contempt for refusal to produce documents before the grand jury, but not from payment of a fine in the amount of one hundred dollars.[6]

Therefore, applicant is discharged from so much of the order of contempt that commits him to the Williamson County Jail "until he is willing to produce said documents in compliance with the Order of the Court and the said Grand Jury subpoenas duces tecum" that are described therein.

---

**6.** In his application for writ of habeas corpus applicant "would show that he produced all records in his and/or [sic] his attorney's possession and cannot comply further...," but he has not made that showing. Each motion to quash subpoena duces tecum asserted that "the records requested are no longer in the possession of the Defendant but are currently under the care, custody, and control of his attorney..." Appearing before the grand jury and being asked as to each item described in a subpoena duces tecum whether he had produced that record, applicant answered, "I have produced everything that I have."

However, with respect to his disobeying the subpoena to produce records of Grain Producers, Inc., we express grave doubts that in the capacity in which he has served—registered agent of that corporation—applicant was even capable of doing that which the subpoena demanded.